UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DIEN VU

VERSUS

LIBERTY MUTUAL
INSURANCE COMPANY

CIVIL ACTION

NO. 17-1085-BAJ-EWD

**<u>NOTICE AND ORDER</u>**

On August 30, 2017, plaintiff, Dien Vu ("Plaintiff") filed a Petition for Damages, Penalties, and Attorney Fees (the "Petition") against Liberty Mutual Insurance Company.[1] Plaintiff alleges that he was injured in an automobile accident involving a vehicle driven by Courtney Bosarge, and that the policy of insurance covering the Borsarge vehicle was insufficient to cover all of the damages sustained by Plaintiff. Plaintiff alleges that his own vehicle was insured under a policy underwritten by Liberty Mutual Insurance Company containing an endorsement for uninsured/underinsured motorist coverage.[2] On October 12, 2017, Liberty Mutual Fire Insurance Company ("Liberty Mutual Fire") removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]

In the Notice of Removal, Liberty Mutual Fire asserts that Plaintiff "erroneously named Liberty Mutual Insurance Company" rather than Liberty Mutual Fire as a defendant. Liberty Mutual Fire alleges that it "is a foreign insurance company incorporated under the laws of Wisconsin with its principal place of business in Massachusetts."[4] Based on Plaintiff's allegations,

---

[1] R. Doc. 1-2.

[2] R. Doc. 1-2, ¶ 7.

[3] R. Doc. 1. With respect to the amount in controversy, Liberty Mutual Fire asserts in the Notice of Removal that Plaintiff's most recent demand was $52,721.00, the remainder of the policy limits and that in addition to this amount, Plaintiff has sought statutory penalties and attorney fees. R. Doc. 1, ¶¶ 13-17.

[4] R. Doc. 1, ¶ 10.

it appears that Plaintiff intended to name as defendant the entity underwriting the automobile policy for his vehicle.[5] However, despite Liberty Mutual Fire's assertion that Plaintiff has "erroneously named" Liberty Mutual Insurance Company rather than Liberty Mutual Fire, 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." Emphasis added. In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted). That notwithstanding, courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, Civil Action No. 15-1245, 2015 WL 4937906, at * 3 (E.D. La. Aug. 18, 2015). The Notice of Removal contains no allegation of citizenship with respect to Liberty Mutual Insurance Company. To the extent Liberty Mutual Insurance Company is also diverse from Plaintiff, the question of which party is the proper uninsured/underinsured motorist insurer defendant does not affect whether this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (*i.e.*, the *de facto* substitution of Liberty Mutual

---

[5] R. Doc. 1-2, ¶ 7 ("at all times pertinent hereto, [Plaintiff's] vehicles were insured by an automobile insurance policy underwritten by defendant Liberty Mutual Insurance Company, which policy contained an endorsement for uninsured/under-insurer motorist's coverage, rendering Liberty Mutual Insurance Company liable herein unto your petitioner for his damages in excess of Courtney's Bosarge's insurance coverage, up to the extent of its policy limits, and subjecting Liberty Mutual Insurance Company to a direct action against it under Louisiana law.").

Fire in the place of Liberty Mutual Insurance Company – to the extent that such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).

Finally, in the Notice of Removal, Liberty Mutual Fire asserts that "Plaintiff alleges to be a citizen of the State of Louisiana."[6] This assertion is based on Plaintiff's Petition wherein Plaintiff alleges he is a "resident of the Parish of Jefferson, State of Louisiana…."[7] "For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). In order to sufficiently allege Plaintiff's citizenship, Plaintiff's domicile must be set forth. To the extent the Notice of Removal purports to set forth Plaintiff's citizenship based on Plaintiff's allegation of residency, such is not a sufficient basis for establishing Plaintiff's domicile. Instead, the Notice of Removal must allege Plaintiff's domicile.

Accordingly,

**IT IS HEREBY ORDERED** that Liberty Mutual Fire Insurance Company shall file a Motion to Substitute the Notice of Removal with a proposed comprehensive Notice of Removal that adequately alleges the citizenship of the parties by setting out Mr. Vu's domicile as well as the citizenship of Liberty Mutual Insurance Company. Liberty Mutual Fire Insurance Company shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No further leave of court is necessary to timely file the Motion to Substitute.

**IT IS FURTHER ORDERED** that if plaintiff, Dien Vu, agrees with the allegation set forth in the Notice of Removal that Liberty Mutual Fire Insurance Company is Plaintiff's uninsured/underinsured motorist insurance carrier, Plaintiff shall file an Amended Complaint within fourteen (14) days of this Notice and Order. The Amended Complaint shall be

---

[6] R. Doc. 1, ¶ 9.

[7] R. Doc. 1-2.

comprehensive (i.e., it may not refer back to or rely on any previous pleading) and must explicitly set forth the citizenship of each party. No further leave of court is necessary to timely file the Amended Complaint.

Signed in Baton Rouge, Louisiana, on October 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**